O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re Kwang-wei Han | ) | Case No. SA CV 08-00075 DDP |
| | ) | |
| Kwang-wei Han, | ) | **ORDER AFFIRMING THE BANKRUPTCY** |
| Appellant. | ) | **COURT DECISIONS** |
| | ) | |
| v. | ) | |
| | ) | |
| James J. Joseph, | ) | |
| Respondent. | ) | |
| _____ | ) | |

**I.    BACKGROUND**

Appellant Kwang-wei Han, an individual, filed a voluntary
petition for bankruptcy under Chapter 7 of the Bankruptcy Code on
April 14, 1997.  Appellee James J. Joseph (the "Trustee") was
appointed as the Chapter 7 trustee of Han's bankruptcy estate.  At
the commencement of the bankruptcy proceedings, Han was the
trustor, trustee, and beneficiary of the Kwang-wei Han Revocable
Trust (the "Han Trust").  The Han Trust was the sole owner of all
shares of stock in McGaw Property Management, Inc. ("MPM"), a
California corporation.  Han was the sole director and officer of

cc: US Bankruptcy Court

cc:  US Trustee's Office

1   MPM.   In 1990, before Han's Chapter 7 bankruptcy filing, MPM filed

2   for bankruptcy under Chapter 11.   In 1992, the bankruptcy court

3   entered an order confirming a plan of reorganization, and leaving

4   Han as a debtor-in-possession.[1]   MPM's bankruptcy estate is

5   separate from Han's Chapter 7 bankruptcy estate and the orders at

6   issue on this appeal.   Before MPM was dissolved, its primary asset

7   was title to commercial property located in Irvine, California (the

8   "McGaw Property").

9        On October 20, 1997, the Trustee filed a motion requesting

10  authorization to (1) revoke the Han Trust and (2) use the property

11  of Han's bankruptcy estate outside the ordinary course of business.

12  (See Ex. 29 at 1669.)   After receiving briefing and holding a

13  hearing, the bankruptcy court entered an order on March 25, 1998,

14  granting the Trustee's motion to revoke the Han Trust and use the

15  property of Han's bankruptcy estate ("1998 Trust Revocation & Use

16  of Assets Order"), including its 100% shareholder interest in MPM.

17  (See Ex. 29 at 1666.)   Han appealed this order to the Bankruptcy

18  Appellate Panel for the Ninth Circuit ("BAP"), but the appeal was

19  ultimately dismissed for lack of prosecution on August 12, 1998.

20  (See Ex. 29 at 1760.)   Nevertheless, Han has repeatedly contested

21  the validity of the 1998 Trust Revocation & Use of Assets Order,

22  including on the instant consolidated appeal.

23       Presently, Han appeals three distinct bankruptcy court orders

24  from the Chapter 7 , one from 2007 and two from 2008.   At Han and

25  Appellee's request, these appeals were consolidated.

26       A.   Appeal of January 29, 2007 Order:   CV 07-00189 DDP

27  _____

28       [1] In 1999, MPM's Chapter 11 bankruptcy case was ordered
    dismissed.

1    On October 4, 2006, the Trustee filed a motion seeking
2    authorization to use the bankruptcy estate's 100% shareholder
3    interest in MPM to sell the McGaw Property and to dissolve MPM.
4    (<u>See</u> Ex. 1.)  On November 17, 2006, the court entered an order
5    granting the Trustee's motion.  (<u>See</u> Exs. 7, 57.)  Han then filed a
6    motion for relief from this order.  (Ex. 8.)  The bankruptcy court
7    denied Han's motion on January 29, 2007.  (Ex. 14.)

8    The January 29, 2007 order denying relief is the basis of
9    Appellants' first appeal.

10   B.   <u>Appeal of First January 8, 2008 Order:  CV 08-00075 DDP</u>

11   On May 30, 2007, the Trustee filed an interim application for
12   his fees ("Interim Fee Application").  (<u>See</u> Ex. 20, 21.)  After
13   several rounds of supplemental briefing, the bankruptcy court
14   issued an order granting the Trustee's Interim Fee Application on
15   October 4, 2007.  (Ex. 40.)  Han then filed a motion to amend this
16   order (Ex. 45), as well as an amended application to amend the
17   October 4, 2007 Order (Ex. 52).

18   On January 8, 2008, the bankruptcy court entered an order (1)
19   denying Han's motion to amend the October 4, 2007 order and (2)
20   sustaining the Trustee's evidentiary objections to evidence
21   supplied by Han on the motion.  (Exs. 55, 61.)

22   The (first) January 8, 2008 order is the subject of Han's
23   second appeal.

24   C.   <u>Appeal of Second January 8, 2008 Order: CV 08-00282 DDP</u>

25   On September 27, 2007, the Trustee filed (1) an application
26   for compensation by the Trustee's counsel, (2) a second application
27   for the Trustee's accountants' fees, and (3) a motion authorizing a
28   final distribution to the creditors of Han's bankruptcy estate.

1  (See Exs. 34, 36, 38.)  After a hearing, the bankruptcy court

2  entered two orders (1) granting the creditor distribution, and (2)

3  granting the applications for attorneys' fees and compensation to

4  the Trustee's accountants (Exs. 48, 49).  On November 13, 2007, Han

5  filed a Motion to Amend the October 31, 2007 Orders.  (See Ex. 51.)

6  On January 8, 2008, the bankruptcy court entered an order denying

7  Han's motion to amend.  (Ex. 56.)

8       The (second) January 8, 2008 order is the subject of Han's

9  third appeal.

10 **II.  LEGAL STANDARD**

11      Under 28 U.S.C. § 158(a), federal district courts have

12 jurisdiction to review appeals from final orders and judgments of

13 bankruptcy courts.  In general, the bankruptcy court's conclusions

14 of law are reviewed de novo, while its findings of fact are

15 reviewed for clear error.  Salazar v. McDonald (In re Salazar), 430

16 F.3d 992, 994 (9th Cir. 2005); Fed. R. Bankr. P. 8013.  In

17 addition, a bankruptcy court's denial of a motion for

18 reconsideration is reviewed under an abuse of discretion standard.

19 Weiner v. Perry, Settles & Lawson (In re Weiner), 161 F.3d 1216,

20 1218 (9th Cir. 1998).

21 **III.  DISCUSSION**

22      A.   1998 Trust Revocation & Use of Assets Order

23      Almost all of Appellant's arguments address the 1998 Trust

24 Revocation & Use of Assets Order.  However, the bankruptcy court's

25 March 25, 1998 order is not reviewable on this appeal.  The order

26 was issued over 10 years ago, and an appeal must be taken within 10

27 days of the final order of the bankruptcy court.  Fed. R. Bank. P.

28 8002(a).  This time limit is jurisdictional on appeal.  In re

4

1  <u>Slimick</u>, 928 F.2d 304, 307 (9th Cir. 1990).  Furthermore, Han has
2  already appealed this order to the BAP, where the appeal was
3  dismissed for failure to prosecute.

4      Therefore, Han's attempt to appeal this order through the
5  present consolidated appeals is untimely, and this Court does not
6  have jurisdiction to hear it.

7      B.   <u>2007 Order Denying Relief from Dissolution & Sale</u>

8      On November 17, 2006, the bankruptcy court issued an order
9  that authorized the Trustee to use Han's Chapter 7 bankruptcy
10 estate's shareholder interest in MPM to sell the McGaw Property and
11 to dissolve MPM.  (Exs. 14, 57.)   On January 29, 2007, the
12 bankruptcy court issued an order deny Han's motion for relief from
13 the November 17, 2006 order, which Han appealed.

14     Han's motion for reconsideration was made pursuant to
15 Bankruptcy Rule 9024, which applies Federal Rule of Civil Procedure
16 60 in bankruptcy cases.  <u>See</u> Fed. R. Bankr. P. 9024; <u>Zurich Am.</u>
17 <u>Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.)</u>, 503
18 F.3d 933, 940 (9th Cir. 2007).  Han argued that the November 17,
19 2006 order was invalid due to fraud under Rule 60(b)(3) and under
20 (b)(6) for "other reasons justifying relief."  (<u>See</u> Ex. 8 at 327.)
21 In the hearing where the bankruptcy court explained the reasoning
22 behind its order, the court first noted its difficulty in
23 understanding Han's arguments, including the arguments Han made at
24 the hearing.  It then determined that Han had presented two
25 arguments for reconsideration:  (1) that the bankruptcy court
26 lacked jurisdiction, and (2) that the bankruptcy estate had
27 mismanaged a $2,000,000 loan taken out on the McGaw Property.  (Ex.
28 58 at 2833.)  The bankruptcy court found neither argument caused it

1  to reconsider its order.  On the first issue, the court determined
2  that there had been no withdrawal of reference to the case by the
3  district court, and therefore that the bankruptcy court's
4  jurisdiction was undisturbed.  (Id.)  The court next found that the
5  $2,000,000 loan was not at issue in the underlying November 17,
6  2006 order authorizing sale of the McGaw Property and dissolution
7  of MPM, and therefore was not proper grounds for reconsideration.
8  (Id.)

9       On appeal, Han does not address either of these findings, and
10 instead argues that the denial of relief was incorrect because the
11 March 25, 1998 order revoking the Han Trust and permitting use of
12 its assets (and, specifically, sole ownership of all MPM shares)
13 was invalid.  Consequently, according to Han, the Trustee did not
14 have "standing" to sell the McGaw Property or dissolve MPM.

15      This argument fails for two reasons.  First, Han is attempting
16 to appeal the March 25, 1998 order, which this Court does not have
17 jurisdiction to hear.  Second, the record supports the bankruptcy
18 court's decision to deny Han's motion for reconsideration.  Han
19 provided no evidence of jurisdictional defect, fraud by any party,
20 or any other argument or evidence upon which the bankruptcy court
21 could reverse its decision of November 17, 2006.  Han provided no
22 evidence that the bankruptcy court's jurisdiction had been removed,
23 such as by a withdrawal of reference, and does not dispute that
24 MPM's management of its loans were never raised by the parties in
25 the Trustee's original motion to sell the McGaw Property and
26 dissolve MPM.

27      Therefore, the bankruptcy court's denial of Han's motion on
28 January 29, 2007 did not constitute an abuse of discretion.

6

C.   2008 Orders Denying Han's Motions for Amendment and
     Reconsideration

The bankruptcy court jointly considered Han's motions for
amendment and reconsideration in a hearing on December 18, 2007.
The subject of these motions was reconsideration or amendment of
the court's orders granting the Trustee's fee applications and
final creditor disbursement.  (See Exs. 45, 51, 52.)  All of Han's
motions to amend and reconsider were made pursuant to Bankruptcy
Rule 9023, which incorporates Federal Rule of Civil Procedure 59.
Fed. R. Bankr. P. 9023;  In re Int'l Fibercom, Inc., 503 F.3d at
946.  On his motions, Han argued that (1) the Trustee of his
Chapter 7 estate had violated the "single estate rule" and (2) the
Trustee lacked standing to receive fees, again based on the
invalidity of the 1998 Trust Revocation & Use of Assets Order.  In
responding to these arguments, the bankruptcy court noted that
reconsideration is only appropriate if the court is (1) presented
with newly discovered evidence, (2) committed clear error or the
initial decision was manifestly unjust, or (3) if there is an
intervening change in controlling law.  See Sch. Dist. No. 1J v.
ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  The bankruptcy
court first found that there was no newly discovered evidence,
despite a declaration submitted by Han of an attorney who stated a
legal opinion supporting Han, as this constituted argument rather
than new evidence.  The court next determined that the single
estate rule did not apply, because there were two separate
bankruptcy debtors - Han (under Chapter 7) and MPM (under Chapter
11).  Finally, the bankruptcy court responded to Han's argument

1   that the Trustee lacked standing, due to the invalidity of the 1998

2   Trust Revocation & Use of Assets Order.  Han had argued that the

3   Han Trust's shareholder interest in MPM was actually part of MPM's

4   bankruptcy estate, and was protected from any use by the Chapter 11

5   automatic stay injunction.  See 11 U.S.C. § 541(a)(1) (the debtor's

6   bankruptcy estate "is comprised of . . . all legal or equitable

7   interests of the debtor in property as of the commencement of the

8   case.").  The bankruptcy court stated that this issue had been

9   previously adjudicated, was a final order, and could not be

10  revisited.[2]  (See Ex. 62 at 2986-991.)

11       Han's arguments on appeal of this order are the same as those

12  described above – that the March 25, 1998 order revoking the Han

13  Trust and permitting use its assets was invalid and that,

14  consequently, the Trustee did not have "standing."  Again, this

15  argument fails for two reasons.  First, Han is attempting to appeal

16  the March 25, 1998 order, which this Court does not have

17  jurisdiction to hear.  Second, the record supports the bankruptcy

18  court's decision to deny Han's motion for amendment or

19  reconsideration.  Han's main argument, that there were simultaneous

20  estates with one debtor, does not apply because the two estates at

21  issue were distinct – Han's and MPM's.  See, e.g., In re Grimes,

22  117 B.R. 531, 534 (B.A.P. 9th Cir. 1990)(discussing the

23  applicability of the single estate rule).  Han pointed to no other

24

25       [2] The bankruptcy court also found that, upon examination of
    the MPM reorganization plan, Han's argument was incorrect.
26  Ownership of the MPM shares were not a part of MPM's Chapter 11
    bankruptcy, because MPM did not own its own shares; and instead the
27  Han Trust owned them.  Therefore, these assets were not protected
    by the automatic stay or included in MPM's Chapter 11 bankruptcy
28  estate.

1  new evidence or errors of law in support of his motions to amend or

2  for reconsideration, other than general and unsupported allegations

3  of fraud and mismanagement of MPM by the Trustee.

4        Therefore, the bankruptcy court's denial of Han's motions on

5  October 15 and December 4, 2007 did not constitute an abuse of

6  discretion.

7  **IV.   CONCLUSION**

8        For the foregoing reasons, the orders of the bankruptcy court

9  are AFFIRMED.

10

11  IT IS SO ORDERED.

12

13

14  Dated: September 29, 2009

15                                      DEAN D. PREGERSON

16                                   United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28